UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANCE MAHONE,

        Petitioner,         Case Number 13-10465

v.         Honorable David M. Lawson

DAVID BERGH,

        Respondent.
_____/

## ORDER DISMISSING PETITION WITHOUT PREJUDICE

Hattie Mahone, the mother of twenty four year old prisoner Lance Craig Mahone, Jr., has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that her son is being held in violation of his federal constitutional rights. On February 15, 2013, the Court entered an order for Hattie Mahone to show cause why the petition should not be dismissed. Ms. Mahone filed a response to the Court's order to show cause indicating the petitioner was unable to make copies of his petition and stating that the petitioner would send his own petition to the Court soon.

Federal Rule of Civil Procedure 11(a) provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name — or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). As stated above, Ms. Mahone has submitted a petition for a writ of habeas corpus, signed by herself, on behalf of her son. Ms. Mahone does not appear to be an attorney, and the petition is not signed by Mr. Mahone. An application for a writ of habeas corpus may be filed by one person on behalf of another. 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). However, "next friend" status will not be granted automatically. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Two

"firmly rooted prerequisites" must be satisfied before "next friend" status will be conferred. *Ibid*. First, "a 'next friend' must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action." *Ibid*. Second, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Ibid*. Restrictions have been imposed upon who may act as a "next friend" because "[i]t was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." *Id*. at 164 (quoting *United States ex rel. Bryant v. Houston*, 273 F. 915, 916 (2d Cir. 1921)). Where a habeas petitioner seeks to proceed as the next friend of a state inmate, the burden is upon the petitioner to establish clearly the propriety of her status to justify the court's jurisdiction. *See Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998).

Based on the information contained in the petition and in the response to the order to show cause, Ms. Mahone is not entitled to maintain a "next friend" action on behalf of her son. Ms. Mahone has failed to allege or present evidence that Mr. Mahone is incompetent or incapable of bringing a habeas petition on his own behalf or to establish that she is truly dedicated to Mr. Mahone's interests. *See Tate v. U.S.*, 72 Fed. App'x. 265, 267 (6th Cir. 2003)(unpublished). Nor has Ms. Mahone demonstrated that she is an attorney capable of acting on her son's behalf in that capacity. *See* E.D. Mich. LR 83.20(I) ("A person must be a member in good standing of the bar of this court to practice in this court" with certain exceptions). Indeed, it appears from Ms. Mahone's response to the order to show cause that the petitioner not only is capable of bringing a habeas petition on his own behalf, but intends to do so. The Court, therefore, will dismiss the petition

without prejudice. The petitioner may file a petition for a writ of habeas corpus signed by himself, and on his own behalf.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt. #1] is **DISMISSED WITHOUT PREJUDICE**.

                                              s/David M. Lawson  
                                              DAVID M. LAWSON  
                                              United States District Judge

Dated: March 8, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 8, 2013.

                            s/Deborah R. Tofil  
                            DEBORAH R. TOFIL